IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROSALBA SUAREZ AND SILVIA MORENO<br>*Plaintiffs*, | § § § § | |
| V. | § § | CIVIL ACTION NO. 3:22-CV-344 |
| BRANDON HELVIE AND NEW PRIME INC,<br>*Defendants*. | § § § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Rosalba Suarez and Silvia Moreno hereby file their Original Complaint and Jury Demand, and, in support thereof, would respectfully show the following:

**I.
PARTIES**

**A.    Plaintiffs**

2.1    Plaintiff Rosalba Suarez is and was a resident of the State of Texas at all times relevant to this action.

2.2    Plaintiff Silvia Moreno is and was a resident of the State of Texas as all times relevant to this action.

**B.    Defendants**

2.3    Defendant Brandon Helvie ("Helvie") is a natural person who is and was a resident and citizen of the state of Kansas at the times relevant in this action. Defendant Helvie, however, engaged in intentional, continuous, and systematic contacts with the State of Texas through his work with his employer, Defendant New Prime Inc. both before and after the incident made the basis of this lawsuit. Defendant Helvie may be served with process according to the Texas Long-Arm Statute by serving the Texas

Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant Helvie at his last known address, at 3108 Yolande Way Dr., Manhattan, Kansas, 66502, or wherever he may be found.

2.4     Defendant New Prime Inc. is and was a New England corporation at the time of the subject incident.  Defendant New Prime Inc., however, engaged in intentional, continuous, and systematic contacts with the State of Texas through its agents and/or employees, including Defendant Helvie, both before and after the incident made the basis of this lawsuit. Defendant New Prime Inc. may be served with process by and through their registered agent for service of process in Texas, located at 815 Brazos, Suite 500 Austin, TX, 78701, or wherever it may be found.

## II.
## JURISDICTION

3.1     This Court has subject matter jurisdiction of this civil action pursuant to 28 U. S. C. § 1332 because complete diversity of citizenship exists between the parties and the amount of controversy is greater than $75,000.

3.3     This Court has personal jurisdiction over Defendant Helvie because this suit arises out of, or relates to, Helvie's activities within the State of Texas.

3.4     Further, Defendant Helvie engages in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree said contacts render him "at home" in Texas.

3.5     This Court has personal jurisdiction over Defendant New Prime Inc. because this suit arises out of, or relates to, Defendant New Prime Inc. 's activities within the State of Texas.

3.6     Further, Defendant New Prime Inc. engages in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree said contacts render it "at

home" in Texas.

3.7     Thus, there is both general and specific personal jurisdiction over each Defendant and exercising jurisdiction over each of them does not offend traditional notions of fair play or substantive justice.

### III.
### VENUE

4.1     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV.
### BACKGROUND FACTS

5.1     On or about October 22, 2020, Plaintiffs Rosalba Suarez and Silvia Moreno were stationary at a stop light facing westbound at the intersection of 500 Vinton and 7200 South Desert in El Paso County, Texas.

5.2     At or about the same time, Defendant Helvie was operating a commercial vehicle, owned and controlled by Defendant New Prime Inc., and towing a commercial trailer owned and controlled by New Prime Inc., traveling from the southbound lane of 7200 South Desert making a left turn on the eastbound lane of 500 Vinton in front of Plaintiffs in El Paso County, Texas.

5.3     At that time, and specifically at the time of the subject incident, Defendant Helvie was: acting as an employee of Defendant New Prime Inc.; working within the course and scope of his duties for Defendant New Prime Inc.; acting as an agent on behalf of Defendant New Prime Inc.; driving in the furtherance of a mission for the benefit of Defendant New Prime Inc.; and/or subject to the control as to the details of the mission by Defendant New Prime Inc.

5.4     At approximately 9:22 a.m., Defendant Helvie made an unsafe lane change

and collided with Plaintiffs.

5.5   As a result of the collision, Plaintiffs were injured.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT BRANDON HELVIE

**A.   Negligence**

6.1   Defendant Helvie committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

6.2   Defendant Helvie's negligent acts include, but are not limited to:

   a.   Failure to maintain proper control of the subject vehicle;

   b.   Failure to pay attention and/or keep a proper lookout;

   c.   Failure to keep mental and physical alertness while operating the subject vehicle and subject trailer;

   d.   Failure to control his vehicle's speed;

   e.   Failure to stop;

   f.   Failure to yield;

   g.   Distracted driving; and/or

   h.   Failure to properly observe traffic.

**B.   Gross Negligence**

6.3   During relevant times to this action, Defendant Helvie committed acts of omission and commission, which collectively and severally constituted gross negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

6.4   The wrong done by Defendant Helvie, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

6.5   Defendant Helvie's conduct, when viewed objectively from his standpoint

at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Helvie was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT NEW PRIME INC.

**A.** **Negligence**

7.1 Defendant New Prime Inc. committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

7.2 Defendant New Prime Inc.'s negligent acts include, but are not limited to:

    a. Failure to exercise due care in hiring Defendant Helvie, including its failure to adequately inquire into Defendant Helvie's qualifications, experience, and history;

    b. Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, Defendant Helvie's competence to operate a commercial vehicle;

    c. Failure to train, or failure to exercise due care in training, Defendant Helvie;

    d. Failure to monitor, or failure to exercise due care in monitoring, Defendant Helvie's competence to operate commercial vehicles, haul commercial trailers, or lack thereof;

    e. Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Helvie;

    f. Retaining Defendant Helvie;

    g. Failure to maintain the subject vehicle; and/or

    h. Entrusting the subject vehicle and subject trailer to Defendant Helvie.

### B. Vicarious Liability

7.3 Additionally, Defendant New Prime Inc. is liable under the doctrine of *respondeat superior* for the conduct of Defendant Helvie, as Defendant Helvie's negligent actions occurred while in the course and scope of his duties for New Prime Inc.

7.4 All of the acts of negligence described herein, and as specifically alleged against Defendant New Prime Inc., were proximate causes of Plaintiffs' injuries and their resulting damages.

### C. Gross Negligence

7.5 During relevant times to this action, Defendant New Prime Inc., through its employee and/or agent, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Plaintiffs' injuries and their resulting damages.

7.6 The wrong done by Defendant New Prime Inc., even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

7.7 Defendant New Prime Inc.'s conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant New Prime Inc. was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

7.8 Further, Defendant New Prime Inc. authorized, condoned, approved, and/or ratified its employee's grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages.

7.9    Further, Defendant Helvie was unfit for performing his assigned job duties, and Defendant New Prime Inc. was reckless in employing him.

## VII.
## DAMAGES

**A.    Plaintiff Rosalba Suarez' Personal Injury Damages**

8.1    As a result of the negligent acts and omissions committed by Defendants, Plaintiff Rosalba Suarez has sustained damages in the past, and will continue to sustain damages in the future including, but not limited to:

- a.    Past physical pain;
- b.    Future physical pain;
- c.    Past mental anguish;
- d.    Future mental anguish;
- e.    Past disfigurement;
- f.    Future disfigurement;
- g.    Past physical impairment;
- h.    Future physical impairment;
- i.    past loss of earning capacity;
- j.    future loss of earning capacity;
- k.    Past medical care expenses; and
- l.    Future medical care expenses.

**B.  Plaintiff Silvia Moreno's Personal Injury Damages**

8.2  As a result of the negligent acts and omissions committed by Defendants, Plaintiff Silvia Moreno has sustained damages in the past, and will continue to sustain damages in the future including, but not limited to:

  a.  Past physical pain;
  b.  Future physical pain;
  c.  Past mental anguish;
  d.  Future mental anguish;
  e.  Past disfigurement;
  f.  Future disfigurement;
  g.  Past physical impairment;
  h.  Future physical impairment;
  i.  past loss of earning capacity;
  j.  future loss of earning capacity;
  k.  Past medical care expenses; and
  l.  Future medical care expenses.

**C.  Exemplary Damages**

8.3  As a result of the gross negligence committed by Defendants, Plaintiffs seek exemplary damages against Defendants in an amount deemed appropriate by the jury.

**D.  Interest**

8.4  Plaintiffs seek pre-judgment and post judgment interest at the applicable rate allowed by law.

## VIII.
## CONDITIONS PRECEDENT

9. Pursuant to FED. R. CIV. P. 9(C), all conditions precedent to Plaintiffs' rights to recover herein, and to Defendants' liability, have been performed or have occurred.

## IX.
## RESERVATION OF RIGHTS

10. Plaintiffs reserve the right to amend their pleadings to add additional counts and/or parties as discovery continues.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendants answer for their tortious conduct, this cause be set for trial before a jury, and that they recover a judgment of and from the defendants for actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, court costs, and such other and further relief Plaintiffs may be justly entitled, whether at law or in equity.

Respectfully submitted,

**HERRING LAW FIRM**

By: /s/ *Mason W. Herring*
**Mason W. Herring**
State Bar No. 24071746
**Gramm J. Klein**
State Bar No. 24104511
2000 West Loop South, Suite 2200
Houston, Texas 77027
Telephone:   832.500.3170
Telefax:         832.500.3172
E-mail:          mherring@herringlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**