### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **ROSALBA SUAREZ and** | § | |
| **SILVIA VANESSA MORENO**, | § | |
| | § | |
| *Plaintiffs*, | § | |
| **v.** | § | |
| | § | **EP-22-CV-00344-DCG** |
| **BRANDON HELVIE and** | § | |
| **NEW PRIME INC.,** | § | |
| | § | |
| *Defendants*. | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION AND
### GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants ask the Court to grant partial summary judgment in their favor on Plaintiffs'

gross negligence claims.[1]  The Court referred Defendants' Partial Summary Judgment Motion to

U.S. Magistrate Judge Robert F. Castañeda for a Report and Recommendation ("R&R").[2]  On

December 8, 2023, Judge Castañeda issued an R&R recommending that the Court grant

Defendants' Motion in its entirety.[3]

---

[1] Mot., ECF No. 36; *see also* Compl., ECF No. 1, at 4–5 (Plaintiffs' gross negligence claim against Defendant Brandon Helvie); *id.* at 6–7 (Plaintiffs' gross negligence claim against Defendant New Prime Inc.).

[2] Referral Order, ECF No. 38; *see also* 28 U.S.C. § 636(b)(1)(B); W.D. TEX. L.R. APP'X C, Rule 1(d)(1)(C).

[3] R. & R., ECF No. 43.

Plaintiffs had 14 days—*i.e.*, until December 22, 2023—to object to the R&R.[4]  Because Plaintiffs didn't object by that date, the Court therefore review the R&R for clear error only (rather than *de novo*).[5]

Having reviewed the R&R, the Court is satisfied that Judge Castañeda's conclusions are neither clearly erroneous nor contrary to law.  The Court therefore:

(1)  **ACCEPTS** Judge Castañeda's "Report and Recommendation" (ECF No. 43) in its entirety;

(2)  **GRANTS** "Defendants Brandon Helvie and New Prime Inc.'s Motion for Partial Summary Judgment on Plaintiffs' Claims for Gross Negligence" (ECF No. 36); and

(3)  **ENTERS PARTIAL SUMMARY JUDGMENT** in Defendants' favor on Plaintiffs' gross negligence claims.

Because this Order doesn't dispose of Plaintiff's other claims in this case,[6] the case shall **REMAIN OPEN** and **PROCEED TO TRIAL** on Plaintiffs' remaining claims as currently scheduled.[7]

---

[4] *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); W.D. TEX. L.R. APP'X C, Rule 4(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report . . . within 14 days after being served with a copy thereof."); *see also* R. & R. at 8 (alerting Plaintiffs to the 14-day objection deadline and the potential consequences for missing it).

[5] *See, e.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) ("Where no party objects to the Magistrate Judge's Report and Recommendation, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law.").

[6] *See* Compl. at 4 (Plaintiffs' ordinary negligence claim against Defendant Helvie); *id.* at 5–6 (Plaintiffs' ordinary negligence and vicarious liability claims against Defendant New Prime).

[7] *See* Scheduling Order, ECF No. 23, at 3–4 (scheduling a Pretrial Conference for March 7, 2024 and a Jury Trial for March 18, 2024); *see also* Pretrial, Trial, & Posttrial Order, ECF No. 37.

So ORDERED and SIGNED this 3rd day of January 2024.

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**